# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. NELSON, aka JAMAL MYXZ, Booking #17145564,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF IMPERIAL BEACH, et al.,<br><br>Defendants. | Case No.: 3:17-cv-01913-GPC-KSC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[ECF No. 3]** |

ROBERT L. NELSON ("Plaintiff"), currently detained at George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on September 19, 2017 (ECF No. 1). While devoid of specifics, Plaintiff's original Complaint alleged he had been "attacked" by the Imperial Beach Sheriff's Department, and had been defamed and detained by them through the use of drugged and diseased informants who used "unlawful advantage" to "gain entry to [his] residence." (*Id.* at 1-3.)

## I.    Procedural Background

On October 4, 2017, the Court dismissed the case because Plaintiff failed to prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), and did not file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). A week

1

later, Plaintiff filed a First Amended Complaint ("FAC"), which was accepted for filing as a matter of course pursuant to FED. R. CIV. P. 15(a) (ECF No. 5). Plaintiff's FAC no longer names the City of Imperial Beach or its Sheriff's Department as Defendants; it instead alleges two San Diego Superior Court Judges, Plaintiff's public defender, and an Imperial Beach Sheriff's Department deputy violated his Fourth, Sixth, and Fourteenth Amendment rights, as well as his right to "universal male sufferage," by unlawfully arresting, representing, harassing, and detaining him. (ECF No. 5 at 2-5). Plaintiff's FAC seeks damages and injunctive relief related to his ongoing criminal proceedings and demands his immediate release. (*Id.* at 7.)

## II. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has now filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statements for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

### III. Conclusion and Order

Therefore, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP (ECF No. 3) is **DENIED** and the action is again **DISMISSED** without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

///

3
3:17-cv-01913-GPC-KSC

(2)     Plaintiff is **GRANTED** an additional forty-five (45) days from the date of this Order in which to re-open this case by either: (1) paying the entire $400 statutory and administrative filing fee, **or** (2) filing a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).[2]

(3)     The Clerk of the Court is **DIRECTED** to provide Plaintiff with another Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his trust account statement within 45 days*, this action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: January 10, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Plaintiff is again cautioned that if he chooses to proceed either by prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his FAC (ECF No. 5), filed on November 2, 2017, and which supersedes his original pleading, *see* S.D. CAL. CIVLR 15.1, will be screened before service and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").